UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------- X

UNITED STATES OF AMERICA

- against –

ELKIN OVIDIO POSADA-HINCAPIE,
a/k/a "Omar Velez,"
a/k/a "Cantaleta,"
a/k/a "Ruperto,"

                Defendant.

------------------- X

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. 13 Cr. 958 (JMF)

Upon the application of the United States of America, by Jacob Gutwillig, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Colombia.

3. On or about July 17, 2020, the defendant was paroled into the United States at Westchester Airport in White Plains, New York.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Count One of the Indictment, which charges the defendant with conspiring to import into the United States five kilograms and more of cocaine, in violation of 21 U.S.C. Sections 812, 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 963;

and Count Two of the Indictment, which charges the defendant with conspiring to commit money laundering, in violation of 18 U.S.C. Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h); and Count One of the Indictment from the United States District Court, District of Columbia, which charges the defendant with conspiring to commit money laundering, in violation of 18 U.S.C. Sections 1956(a)(1)(B)(i) and 1956(h).

5. A total maximum sentence of life imprisonment may be imposed for the above-mentioned offenses.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(B)(i)(II) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(B)(i)(II), as a nonimmigrant who is not in possession of a valid nonimmigrant visa or border crossing identification card at the time of application for admission; Section 212(a)(2)(A)(i)(I), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a violation of (or a conspiracy or attempt to violate) any law of regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as

defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; and Section 212(a)(2)(I)(i), as amended, 8 U.S.C. § 1182(a)(2)(I)(i), as an alien who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in Section 1956 or 1957 of Title 18, United States Code (relating to laundering of monetary instruments).

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Colombia as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Colombia.

Dated: New York, New York
       June 1, 2023

HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO REQUEST JUDICIAL REMOVAL |
| - against - | Criminal Docket No. 13 Cr. 958 (JMF) |
| ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," | |
| Defendant. | |

------------------X

NOTICE IS HEREBY GIVEN TO ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," ("the defendant") and to his attorney of record, Thomas Nooter, Esq., that upon conviction of the defendant for Count One of the Southern District of New York (SDNY) Indictment, which charges the defendant with conspiring to import into the United States five kilograms and more of cocaine, in violation of 21 U.S.C. Sections 812, 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 963; Count Two of the SDNY Indictment, which charges the defendant with conspiring to commit money laundering, in violation of 18 U.S.C. Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h); and Count One of the District of Columbia (DDC) Indictment, which charges the defendant with conspiring to commit money laundering, in violation of 18 U.S.C. Sections 1956(a)(1)(B)(i) and 1956(h), the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York  
5/31/2023

DAMIAN WILLIAMS  
United States Attorney  
Southern District of New York

By: _____  
Jacob Gutwillig  
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | Criminal Docket No. 13 Cr. 958 (JMF) |
| ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," | |
| Defendant. | |

------------------X

NOTICE IS HEREBY GIVEN TO ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," ("the defendant") and to his attorney of record, Thomas Nooter, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Colombia.

3. On or about July 17, 2020, the defendant was paroled into the United States at Westchester Airport in White Plains, New York.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Count One of the Indictment, which charges the defendant with conspiring to import into the United States five kilograms and more of cocaine, in violation of 21 U.S.C. Sections 812, 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 963; and Count Two of the Indictment, which charges the defendant with conspiring to commit money laundering, in violation of 18 U.S.C. Sections 1956(a)(1)(A)(i),

1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h); and Count One of the Indictment from the United States District Court, District of Columbia, which charges the defendant with conspiring to commit money laundering, in violation of 18 U.S.C. Sections 1956(a)(1)(B)(i) and 1956(h).

5. A total maximum sentence of life imprisonment may be imposed for the above-mentioned offenses.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(B)(i)(II) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(B)(i)(II), as a nonimmigrant who is not in possession of a valid nonimmigrant visa or border crossing identification card at the time of application for admission; Section 212(a)(2)(A)(i)(I), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a violation of (or a conspiracy or attempt to violate) any law of regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such

controlled or listed substance or chemical, or endeavored to do so; and Section 212(a)(2)(I)(i), as amended, 8 U.S.C. § 1182(a)(2)(I)(i), as an alien who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in Section 1956 or 1957 of Title 18, United States Code (relating to laundering of monetary instruments).

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Colombia.

Dated:   New York, New York
         May 31, 2023

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____
Jacob Gutwillig
Assistant United States Attorney


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------- X

UNITED STATES OF AMERICA

- against –

ELKIN OVIDIO POSADA-HINCAPIE,
a/k/a "Omar Velez,"
a/k/a "Cantaleta,"
a/k/a "Ruperto,"

             Defendant.

------------------- X

DEFENDANT'S PLEA STATEMENT IN
SUPPORT OF JUDICIAL REMOVAL

Criminal Docket No. 13 Cr. 958 (JMF)

      ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is ELKIN OVIDIO POSADA-HINCAPIE.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated May 31, 2023. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated May 31, 2023. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Thomas Nooter, Esq. After consultation with my counsel and

understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding, and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to Section 212(a)(7)(B)(i)(II) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(B)(i)(II), as a nonimmigrant who is not in possession of a valid nonimmigrant visa or border crossing identification card at the time of application for admission; Section 212(a)(2)(A)(i)(I), as amended, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a violation of (or a conspiracy or attempt to violate) any law of regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the consular officer or the Attorney General

knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; and Section 212(a)(2)(I)(i), as amended, 8 U.S.C. § 1182(a)(2)(I)(i), as an alien who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in Section 1956 or 1957 of Title 18, United States Code (relating to laundering of monetary instruments).

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Colombia and have no present fear of persecution in Colombia, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in Colombia and have no present fear of torture in Colombia, the country of my nativity and citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Colombia, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

6-1-2023
Date

*Defendant's Signature*

6-1-2023
Date

*Attorney for the Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against - | |
| ELKIN OVIDIO POSADA-HINCAPIE, a/k/a "Omar Velez," a/k/a "Cantaleta," a/k/a "Ruperto," | Criminal Docket No. 13 Cr. 958 (JMF) |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.


New York, New York
Dated 5/31/23

_____
KENNETH GENALO
Field Office Director
United States Immigration and Customs Enforcement